FILED'07 JUL 25 09:27USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEO HENRY ALBERTSON, JR., ) | |
| ) | No. CV 07-3041-PA |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| ROXANNE OSBORNE, ) | |
| ) | |
| Defendant. ) | |

**PANNER, District Judge:**

Leo Henry Albertson, Jr., also known as "Leo Henry, Jr. of the House of Albertson, a live/living Christian white Man upon the Land known as The State of Oregon," brings this action against Klamath County Circuit Court Judge Roxanne Osborne.

It is difficult to decipher the Complaint and other documents filed by Albertson. This action appears to be another chapter in a ongoing dispute regarding criminal charges against Albertson in Lake County Circuit Court. Albertson apparently moved to disqualify Judge Osborne from hearing a matter. She denied the motion. Albertson disagrees with her decision.

Albertson now asks this court to fire Judge Osborne, to permanently bar her from holding any "Office of Public Trust or Profit," and to award him four million dollars in damages. Defendant moves to dismiss. I grant the motion.

1 - ORDER

A federal court generally has no authority to interfere in pending state court criminal cases, or to instruct state court judges how to perform their duties or rule on matters before them. Albertson's remedy, if any, must be sought from a higher state court.

In addition, the allegations against Judge Osborne are premised entirely upon judicial acts performed by her, or actions by Albertson aimed at forcing Judge Osborne to disqualify herself from his case. A judge is absolutely immune from civil liability for damages for her judicial acts. A judge will not be deprived of immunity because the action she took allegedly was in error, done maliciously, or exceeded her authority. Rather, a judge is subject to liability only if she acted in the clear absence of all jurisdiction. <u>Mullis v. United States Bankruptcy Court for the District of Nevada</u>, 828 F.2d 1385, 1388 (9th Cir. 1985). Albertson may believe Judge Osborne acted in the "clear absence of all jurisdiction," but he is mistaken. Even assuming, for the sake of argument only, that Judge Osborne erred by not recusing herself, that would not come close to satisfying the very high threshold required to overcome judicial immunity.

### Conclusion

Defendant's motion (docket # 7) to dismiss is granted.

IT IS SO ORDERED.

DATED this 25 day of July, 2007.

OWEN M. PANNER
UNITED STATES DISTRICT JUDGE

2 - ORDER